IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **GENERAL STAR NATIONAL INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) ) No.: 1:21-cv-24284 |
| **MDLV, LLC d/b/a ONE SOTHEBY'S INTERNATIONAL REALTY; HELIAC, INC.; and GLEB KLIONER,** | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY (hereinafter "General Star"), by and through its attorneys, and for its Second Amended Complaint for Declaratory Judgment against MDLV LLC d/b/a ONE SOTHEBY'S INTERNATIONAL REALTY ("One Sotheby's); HELIAC, INC. ("Heliac"); and GLEB KLIONER ("Klioner"), states as follows:

## PARTIES

1. General Star is a Delaware corporation with its principal place of business located in Connecticut.

2. At all times relevant, General Star was authorized to do business in and issue insurance policies in the State of Florida.

3. At all times relevant, MDLV, LLC d/b/a ONE SOTHEBY'S

INTERNATIONAL REALTY, LLC ("One Sotheby's") was a Florida limited liability company having its principal place of business in Florida. The sole member of One Sotheby's is Daniel De La Vega ("De La Vega"). De La Vega resides in Florida and, upon information and belief, intends to remain a resident of Florida.

4. At all times relevant, HELIAC, INC. ("Heliac") was a Florida corporation having its principal place of business in Florida and regularly conducting business in this District.

5. At all times relevant, GLEB KLIONER ("Klioner") was an individual residing in Florida. Upon information and belief, Klioner intends to remain a resident of Florida.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as One Sotheby's, Heliac, and Klioner reside in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim

occurred in this District.

## NATURE OF ACTION

9. This action arises out of a controversy between the parties regarding a Real Estate Errors and Omissions Liability Insurance Policy (the "Policy") issued by General Star to One Sotheby's.

10. General Star brings the instant action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and obligations between the parties under the Policy as it relates to a demand for insurance coverage by One Sotheby's and Klioner in response to a claim advanced by Heliac.

11. Heliac has been joined as a Defendant herein pursuant to Rule 19 of the Federal Rules of Civil Procedure as the determination of General Star's rights and obligations under the Policy may affect its interests.

12. There exists an actual controversy between the parties that requires a declaration by this Court of the rights and obligations under the Policy as it relates to the lawsuit that Heliac filed against One Sotheby's and Klioner in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Heliac Inc. v. MDLV, LLC a/b/a One Sotheby's International Realty; Gleb Klioner; and Citibank, N.A.* (the "Underlying Lawsuit"). A true and correct copy of the First Amended Complaint pending in the Underlying Lawsuit is attached

hereto as **Exhibit A**.

13.     Specifically, General Star seeks a judicial determination that there is no coverage for the Underlying Lawsuit pursuant to the express terms of the Policy by operation of Exclusion A(2) of the Policy which precludes coverage for any **Insured** arising from any dispute involving any **Insured's** conversion of funds.[1] Further, coverage is excluded by operation of Exclusion A(16), which precludes coverage for any **Claim** based on or arising out of any guarantee or promise of future valuation in the course of performing **Professional Services** by the **Insured**. Additionally, pursuant to the express terms of the Policy, General Star seeks the reimbursement of all **Damages** or **Claim Expenses** paid by it in connection with the Underlying Lawsuit.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

14.     On July 22, 2021, One Sotheby's received correspondence and a draft complaint from counsel for Heliac (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit B**.

15.     The Demand Letter sought the recovery of funds allegedly unlawfully converted by Klioner, a One Sotheby's real estate associate, from Heliac following the sale of its property located at 9701 Collins Avenue, Unit 502S, Bal Harbour,

---

[1] Bolded terms are defined in the Policy.

Florida ("the Property").

16. The Demand Letter alleged that Klioner used his position with One Sotheby's to gain the trust of Heliac and then improperly pressured Heliac into selling the Property for a price Heliac accepted only as a result of Klioner's misrepresentations that the Miami Beach real estate market was on the verge of crashing.

17. The Demand Letter further alleged that Klioner used his position of trust with Heliac to unlawfully convert $3,734,277.21 in proceeds from the sale of the Property.

18. In particular, it is alleged that following the closing on the sale of the Property, the proceeds were wired to a Heliac account to which Klioner was a signatory, and that Klioner subsequently withdrew those funds for personal use.

19. General Star received notice of the Demand Letter on July 30, 2021.

20. On August 4, 2021, General Star responded to the July 30, 2021 notice of the Demand Letter.

21. On October 18, 2021, One Sotheby's provided General Star with a revised Draft Complaint provided by Heliac which mirrored the substantive factual allegations and legal claims set forth in the Demand Letter. A true and correct copy of the Draft Complaint is attached hereto as **Exhibit C.**

22. General Star agreed to provide a defense to One Sotheby's in

connection with the **Claim** asserted by the Demand Letter and Draft Complaint, and continues to provide a defense to One Sotheby's, pursuant to the terms of the Policy and subject to a strict reservation of rights.

23. One Sotheby's and Heliac attended an unsuccessful mediation on December 21, 2021.

24. On January 31, 2022, Heliac filed the Underlying Lawsuit against One Sotheby's and Klioner. Heliac filed an Amended Complaint in the Underlying Lawsuit on April 11, 2022. The operative allegations of the Underlying Lawsuit largely mirror those of the Demand Letter and Draft Complaint.

## The General Star Policy

25. General Star issued Real Estate Errors and Omissions Liability Insurance Policy No. NJA363443A to MDLV LLC d/b/a One Sotheby's International Realty for the Policy Period of November 30, 2020 to November 30, 2021 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit D.**

26. Section I (Insuring Agreement) of the Policy provides as follows:

   **A.   Damages**

   The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company in writing during the **Policy Period** or applicable Extended Reporting Period, arising out of any act, error, omission or **Personal Injury** in the

6

rendering of or failure to render **Professional Services** by an **Insured**; provided always that such act, error, omission or **Personal Injury** takes place:

1. During the **Policy Period**; or

2. Prior to the **Policy Period** provided that:

   a. Such act, error, omission or **Personal Injury** took place on or after the Retroactive Date as stated on the Declarations Page of this Policy; and

   b. At the Inception Date of this Policy no **Insured** had knowledge of any fact, circumstance, situation, act, error, omission or **Personal Injury** that may reasonably be expected to give rise to a **Claim(s)** or **Suit** against an **Insured**.

27. Section VIII (Definitions) of the Policy contains the following relevant definitions:

   F. **Claim(s),** including **Claims** based on or arising out of **Lock Box, Open House** or **Fair Housing Discrimination,** means a demand for money, the filing of **Suit** or the initiation of arbitration or mediation proceedings naming the **Insured** and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services.**

   **Claim** does not include proceedings seeking injunctive or other non-pecuniary relief, or administrative proceedings before any national, state, regional or local board of real estate agents, or any committee or subcommittee, except as defined by **Supplementary Payment Requests** and made available in Paragraph A.2. of **SECTION VI — SUPPLEMENTARY PAYMENTS.**

7

G. **Claims Expenses** means:

1. Fees charged by an attorney(s) designated by the Company and all other fees, costs, and expenses resulting from the investigation, adjustment, defense and appeal of a **Claim,** if incurred by the Company, or by an **Insured** with written consent of the Company, but does not include salary charges or expenses of regular employees or officials of the Company, or fees and expenses of independent adjusters;

2. All court costs taxed against an **Insured** in a **Claim.** However, these costs do not include attorneys' fees or attorneys' expenses taxed against the **Insured;** or

3. Premiums on appeal bonds and premiums on bonds to release attachments in **Suits,** but not premiums for bond amounts in excess of the applicable Limit of Liability. Notwithstanding the forgoing, the Company shall have no obligation to pay for or furnish any bond.

P. **Insured** means any person or organization qualifying as an **Insured** under **SECTION II — WHO IS INSURED** of this Policy.

Z. **Professional Services** means services performed by an **Insured** in an **Insured's** capacity as a real estate agent, real estate broker, real estate appraiser, real estate consultant, real property auctioneer, or **Property Manager** as long as the **Insured** is properly licensed or certified at the time of the act, error, omission or **Personal Injury** giving rise to the **Claim** and as long as such service is rendered for or on behalf of the customer or client in return for a fee, commission, or other compensation or in the course of solicitation of a client or customer for services which would result in payment of a fee, commission, or other compensation. It includes

8

incidental services rendered by any **Insured** as a notary public, or as a member of a formal accreditation committee, standards review committee or similar board or committee.

## COUNT I
## Declaration that Coverage is Precluded for Klioner by Operation of Exclusion A(1) of the Policy

28. General Star repeats and realleges Paragraphs 1 through 27 of this Complaint for Declaratory Judgment as if fully set forth herein.

29. Section VII (Exclusions), Para. A(1) of the Policy provides as follows:

   The Company has no obligation under this Policy to pay **Damages** or **Claims Expenses** or to provide a defense, in connection with any **Claim(s):**

   A.   Under any part of this Policy if based on or arising out of the following: …

       1.   Any:

           a.   Dishonest, fraudulent, criminal, knowingly wrongful, willful, malicious or intentional act, error, omission or **Personal Injury;**

           b.   Intentional misrepresentation; or

           c.   Willful, intentional or knowing violation of the laws, statutes, rules or regulations (including, but not limited to the Racketeer Influenced and Corrupt Organizations Act (RICO), or other actual or alleged violations of state or federal anti-trust, price-fixing, restraint of trade or deceptive trade practice laws, rules or regulations).

9

> However, this exclusion shall not apply to strictly vicarious liability of an innocent **Insured,** whose conduct, as stated in this exclusion, was not committed by, at the direction of or with the knowledge of such innocent **Insured.**
>
> The **Insured** shall reimburse the Company for all **Claim Expenses** incurred if the **Insured's** acts, errors, omissions or **Personal Injury** are found to be a conduct stated in this exclusion.

30. Exclusion A(1) precludes coverage for any dispute involving any **Insured's** dishonest, fraudulent, criminal, or knowingly wrongful act.

31. Klioner is an **Insured** under the Policy.

32. The Underlying Lawsuit alleges that Klioner dishonestly and wrongfully converted the proceeds from the sale of the Property to his own personal use.

33. The Underlying Lawsuit is thus a dispute involving an **Insured's** dishonest, fraudulent, criminal or knowingly wrongful conduct. Coverage is accordingly barred for Klioner by operation of Exclusion A(1).

## COUNT II
### Declaration that Coverage is Precluded by Operation of Exclusion A(2) of the Policy

34. General Star repeats and realleges Paragraphs 1 through 33 of this Complaint for Declaratory Judgment as if fully set forth herein.

35. Section VII (Exclusions), Para. A(2) of the Policy provides as follows:

> The Company has no obligation under this Policy to pay

    **Damages** or **Claims Expenses** or to provide a defense, in connection with any **Claim(s):**

    B. Under any part of this Policy if based on or arising out of the following: …

      2. Any disputes involving any **Insured's** fees, commissions or charges, the failure to pay or collect premium, escrow or tax money, or the conversion, misappropriation, commingling or embezzlement of funds or other property. However, in the event a **Claim** is made against an **Insured** seeking both the return of escrow money and alleging an act, error, omission or **Personal Injury** in the performance of **Professional Services** covered under this Policy, the Company will defend such **Claim** without any obligation to reimburse the **Insured** for the payment of monies held as escrow.

36. Exclusion A(2) precludes coverage for any dispute involving any **Insured's** conversion of funds.

37. One Sotheby's and Klioner are **Insureds** under the Policy.

38. The Underlying Lawsuit alleges that Klioner improperly converted the proceeds from the sale of the Property to his own personal use.

39. The Underlying Lawsuit is thus a dispute involving an **Insured's** conversion of funds. Coverage is accordingly barred by operation of Exclusion A(2).

**COUNT III**
**Declaration that Coverage is Precluded by**
**Operation of Exclusion A(16) of the Policy**

40. General Star repeats and realleges Paragraphs 1 through 39 of this Complaint for Declaratory Judgment as if fully set forth herein.

41. Section VII (Exclusions), Para. A(16) of the Policy provides as follows:

> The Company has no obligation under this Policy to pay **Damages** or **Claims Expenses** or to provide a defense, in connection with any **Claim(s):**
>
> A. Under any part of this Policy if based on or arising out of the following: …
>
> 16. Any guarantee or promise of future status, performance or valuation in the course of performing **Professional Services** by the **Insured**.

42. The Underlying Lawsuit asserts that Klioner pressured Heliac into selling the Property at a below market price by representing to Heliac that the Miami Beach real estate market was on the verge of collapse.

43. Klioner's representations regarding the future of the Miami Beach real estate market were a guarantee or promise as to future status or valuation of the Property by Klioner acting in his capacity as a real estate agent.

44. Coverage for the Underlying Lawsuit is accordingly barred by operation of Exclusion A(16).

## COUNT IV
### Declaratory Judgment that One Sotheby's Must Reimburse Damages and Claims Expenses

45. General Star repeats and realleges Paragraphs 1 to 44 of this

Complaint for Declaratory Judgment as if fully set forth herein.

46. Section X (General Conditions), Para. M of the Policy provides as follows:

> **M. Reimbursement:**
>
> While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses**:
>
> 1. within the amount of the applicable Deductible, or
>
> 2. in excess of the applicable Limit of Liability, or
>
> 3. Under a reservation of rights to seek reimbursement, and it is determined that the Company is entitled to reimbursement,
>
> All **Insureds** shall be jointly and severally liable to the Company for such amounts. Upon written demand, the **Insureds** shall repay such amounts to the Company within (30) days. Failure to pay any amount indicated may lead to Policy termination.

47. Subject to the other terms and conditions of the Policy, Section X of the Policy states that if General Star pays **Damages** or **Claims Expenses** under a reservation of rights to seek reimbursement, and it is entitled to such reimbursement, the **Insureds** shall repay such amounts to the General Star.

48. General Star has reserved its rights to seek reimbursement of **Damages** and **Claims Expenses** from One Sotheby's.

49. Should the Court determine that no coverage exists for the Underlying Lawsuit under the Policy, General Star is entitled to reimbursement from One

13

Sotheby's for any **Damages** and **Claim Expenses** paid, including reimbursement of all costs and fees incurred by General Star to defend One Sotheby's in the Underlying Lawsuit.

WHEREFORE, Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY, respectfully requests that judgment be entered in its favor and against the Defendants, and prays that this Court:

a) Enter an Order finding and declaring that General Star is not obligated to defend or indemnify One Sotheby's or Klioner in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described therein;

b) Enter an Order finding and declaring that, based on the terms and conditions of Exclusion A(1) of the Policy, General Star is not obligated to defend or indemnify Klioner in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described in therein;

c) Enter an Order finding and declaring that, based on the terms and conditions of one or both of Exclusion A(2) and Exclusion A(16) of the Policy, General Star is not obligated to defend or indemnify One Sotheby's or Klioner in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described in therein;

d) Enter an Order awarding General Star all costs and expenses it incurred in this matter;

e) Enter an Order directing One Sotheby's to reimburse General Star for **Damages** and **Claim Expenses** incurred by General

14

    Star, including those fees and costs incurred in defending One Sotheby's in the Underlying Lawsuit; and

f) Grant any such other and further relief which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY, hereby demands trial by jury.

      Respectfully submitted,

By: /s/ *Cindy L. Ebenfeld*
CINDY L. EBENFELD
Florida Bar No. 980579
HICKS, PORTER, EBENFELD & STEIN, P.A.
Sheridan Professional Centre
11011 Sheridan Street, Suite 104
Hollywood, Florida 33026
(954) 624-8700 – Telephone
(954) 624-8064 – Fax
cebenfeld@mhickslaw.com
aherrera@mhickslaw.com
eclerk@mhickslaw.com
*Local Counsel for Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY*

- and -

By: /s/ *Sabina Danek*
SABINA DANEK (admitted *Pro Hac Vice*)
ANTHONY J. D'AGOSTINO (admitted *Pro Hac Vice*)
DAVID A. WILFORD (admitted *Pro Hac Vice*)
WILFORD LLP
18 E. Dundee Road

Building 6, Suite 150
Barrington, Illinois 60010
(224) 848-4721 – Telephone
(224) 848-5865 – Fax
adagostino@wilfordllp.com
sdanek@wilfordllp.com
dwilford@wilfordllp.com
*Attorneys for Plaintiff, GENERAL STAR NATIONAL INSURANCE COMPANY*