UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-24284-CIV-MORENO/GOODMAN

GENERAL STAR NATIONAL
INSURANCE COMPANY,

    Plaintiff,

v.

MDLV, LLC d/b/a ONE SOTHEBY'S
INTERNATIONAL REALTY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED, OR, ALTERNATIVELY, TO STRIKE PORTIONS OF ANSWER

In this declaratory judgment case, Plaintiff General Star National Insurance Company ("General Star" or Plaintiff") filed a motion to deem certain paragraphs of its Second Amended Complaint admitted as to Defendant One Sotheby's International Realty ("One Sotheby's") or, in the alternative, to strike paragraphs of One Sotheby's' Answer. [ECF No. 71]. One Sotheby's filed a response [ECF No. 76] and General Star filed a reply [ECF No. 78].

Senior United States District Judge Federico A. Moreno referred to the Undersigned all pretrial proceedings for an Order on non-dispositive motions and for a Report and Recommendations on dispositive motions. [ECF No. 14].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion to either deem matters admitted or to strike paragraphs from One Sotheby's' Answer.

I.   Background

In his Order denying Defendants' Motions to Dismiss, Judge Moreno summarized the relevant factual background as follows:

> One Sotheby's and real estate agent Klioner undertook to sell Heliac's residential condominium. Following the sale of the condominium, Heliac, not satisfied with the sale, issued a demand letter to One Sotheby's, which also enclosed a draft complaint. The demand letter and draft complaint asserted that Klioner improperly pressured Heliac into selling the condominium for a price that Heliac accepted only because of Klioner's misrepresentations that the Miami Beach real estate market was about to crash, and that Klioner had converted for his own use the proceeds from the sale of the condominium. The demand letter also demanded pre-suit mediation, as required by the listing agreement for the condominium.
>
> On July 30, 2021, One Sotheby's notified its insurer, General Star, of the demand letter and draft complaint. One Sotheby's sought coverage under the Real Estate Errors and Omissions Liability Insurance Policy, issued by General Star. General Star initially denied coverage but, on October 19, [2021], after a rebuttal letter from One Sotheby's, General Star agreed to defend One Sotheby's pursuant to a reservation of rights. General [Star] defended One Sotheby's at mediation, which occurred on December 21, 2021, and was unsuccessful.
>
> Prior to that, however, General Star filed this action on December 8, 2021, seeking a declaration that [General Star] owes no duty to defend or

indemnify One Sotheby's in response to the demand letter and draft complaint.

[ECF No. 50].

Following the denial of its motion to dismiss, One Sotheby's filed its Answer and Affirmative Defenses. [ECF No. 57]. General Star believes that many of One Sotheby's' responses are insufficient as a matter of law and asks the Court to deem those paragraphs from its Second Amended Complaint admitted by One Sotheby's or, in the alternative, to strike the offending paragraphs from One Sotheby's' Answer and Affirmative Defenses. [ECF No. 70].

## II. Legal Standard

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). The purpose of a motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting *Slone v. Judd*, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)).

"The Federal Rules of Civil Procedure allow for only one of three possible responses to a pleading: 1) admit the allegation, 2) deny the allegation, or 3) state that the responding party 'lacks knowledge or information sufficient to form a belief about the

truth of an allegation.'" *Gomez v. United States*, No. 09-22148-CIV, 2010 WL 3834211, at *1 (S.D. Fla. Sept. 28, 2010) (quoting Fed. R. Civ. P. 8(b)(1) & 8(b)(5)).

"'A motion to strike is a drastic remedy,' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Therefore, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Falzarano v. Retail Brand Alliance, Inc.*, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations omitted).

"Absent a showing of prejudice, a motion to strike does nothing to advance the litigation, and the Court will not strike allegations 'to merely polish the pleadings.'" *Deatherage v. Experian Info. Sols., Inc.*, No. 620CV156ORL41GJK, 2020 WL 1974223, at *1 (M.D. Fla. Apr. 24, 2020) (quoting *Duramed Pharms., Inc. v. Watson Lab'ys, Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008)); *see also Michael v. Clark Equip. Co.*, 380 F.2d 351, 352 (2d Cir. 1967) ("A great deal of time has been spent in this case in a struggle to get the plaintiff's pleading into better shape. As this court has often remarked, time spent in this way is usually wasted."). Therefore, although "cleaning up the pleadings" is said by some courts to be a purpose of a motion to strike, *see e.g., Wiand*, 938 F. Supp. 2d at 1250, it is sometimes viewed as, at best, a modest goal, or, by other courts, as an inefficient procedural tool for that purpose.

4

### III. Analysis

General Star requests that the Court "deem One Sotheby's' responses to paragraphs 13, 15, 18, 21, 24, 26-27, 29-33, 35-39, 41-42, 44, and 46-48 of the Answer admitted for violation of Rule 8(b). Alternatively, General Star requests an Order striking One Sotheby's responses to the above-referenced paragraphs and directing One Sotheby's to file amended responses within seven (7) days . . . ." [ECF No. 70]. One Sotheby's' responses to the 22 identified paragraphs fit into one of the following three categories:

> (1): The [document] speaks for itself. All allegations of fact inconsistent with a fair reading or construction of the [document] are denied (paragraphs 13, 26-27, 29-31, 41, 44, and 46-47);
>
> (2): Admitted that the [document] speaks for itself, otherwise denied (paragraphs 21, 24, 32-33, 38-39, and 42); and
>
> (3): Denied as phrased; the [document] speaks for itself (paragraphs 15, 18, and 48).

Although General Star includes in its motion verbatim quotes of the paragraphs from the Second Amended Complaint which the purportedly deficient responses are in response to and separates its argument section by category, the grounds for its requests to either strike or deemed paragraphs admitted are essentially the same as to each category. [ECF No. 70]. General Star says that these responses have left it "unable to determine whether the allegations of the [Second Amended Complaint] are admitted, denied entirely, or denied in part based on a purported inconsistency between the

allegations of the [Second Amended Complaint] and what is provided in the Policy." *Id.* Because of this, General Star says, determining the meaning of One Sotheby's' responses will require "General Star, and this Court, to compare the facts alleged in the Second Amended Complaint with the contents of the Policy." *Id.*

One Sotheby's begins by arguing that the Court should deny General Star's motion outright as untimely. In its merits-based response, One Sotheby's says that its "responses are clear by either admitting the allegations to the extent they are consistent with the document cited or denying allegations 'as phrased' because they do not match the referenced document." [ECF No. 76]. One Sotheby's says that to provide the more-detailed assertions that General Star seeks would force One Sotheby to run afoul of "'Rule 8(b)(1)'s mandate that the answer be short and plain.'" *Id.* (quoting *Hobbs v. Emps. Mut. Cas. Co.*, No. 5:17-CV-05040-JLV, 2018 WL 1221166, at *1 (D.S.D. Mar. 8, 2018)).

Further, in an effort to contradict General Star's claim that this type of response is inappropriate, One Sotheby's includes as attachments two answers filed by General Star in other cases in which General Star relied on the same type of offending language. [ECF Nos. 76-1; 76-2].

General Star asks this Court to reject One Sotheby's' timeliness argument, as its motion was filed only one day late, and it took ten days for One Sotheby's to begin the conferral process with General Star. Further, General Star says that (1) One Sotheby's' case law is inapplicable; (2) its filing of similar, unchallenged answers in other cases is

6

irrelevant; and (3) One Sotheby's' responses "leaves General Star unable to understand or comprehend the scope of One Sotheby's['] admissions or denials in the contested responses." [ECF No. 78].

To begin, the Undersigned rejects One Sotheby's' request that the motion to strike be denied because it was filed one day late. *Burns v. City of Cape Coral*, No. 2:10-CV-573-FTM-29, 2011 WL 2222169, at *1 (M.D. Fla. June 7, 2011) (rejecting argument that motion to strike filed one day late should be stricken when the aggrieved party articulated no prejudice). Thus, I will consider General Star's request on the merits.

Although it is improper to include in an Answer a response that says only that the document speaks for itself, the Undersigned finds that the additional language in One Sotheby's' responses is sufficient to constitute a denial as is required by Rule 8. Cases in this Circuit support this conclusion.

In *Gomez v. United States*, No. 09-22148-CIV, 2010 WL 3834211, at *2 (S.D. Fla. Sept. 28, 2010), the Court found that the plaintiff improperly used the response that the documents speak for themselves but that the additional language that the plaintiff denied "any and all other characterizations, averments, allegations, and legal conclusions contained in [the] paragraphs" or that he denied "any and all liabilities and any and all penalties" meant that the response was a proper denial.

Further, in *Celebrity Cards Int'l, Inc. v. Johnson*, No. 1:13-CV-22197-UU, 2014 WL 11878466, at *2 (S.D. Fla. Feb. 25, 2014), the Court declined to strike an answer or deem

7

an allegation admitted when the counter-defendant responded: "Other than relying upon the fact that the document speaks for itself CCI lacks sufficient knowledge of information to form a belief as to the truth of [sic] falsity of the allegations in Paragraph 50 and therefore denies them."

Likewise, the *Westgate Fin. Corp. v. Cotswold Indus., Inc.* Court denied a motion to strike where responses contained the phrase "the document speaks for itself" but also contained either and admission or denial. No. 1:09-CV-2627-WSD, 2009 WL 10211922, at *5 (N.D. Ga. Dec. 31, 2009).

Finally, in *EmCyte Corp. v. XLMedica, Inc.*, No. 2:19-CV-769-JES-NPM, 2022 WL 394392, at *3 (M.D. Fla. Feb. 9, 2022), the Court denied a motion to strike responses in which the defendants stated that the document spoke for itself and "den[ied] allegations which [were] inconsistent with the written document."

Here, in all subject responses, One Sotheby's has stated it is doing one of the following: (1) denying all statements which are inconsistent with a fair reading of the document; (2) denying the allegation except for the fact that the document speaks for itself; or (3) denying the allegation as phrased. Although One Sotheby's' method of responding might be inartful, it does not confuse the issues nor prejudice General Star. *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718, 2014 WL 351962, at *4, (S.D. Fla. Jan. 23, 2014) (a motion to strike is often denied "unless the matter sought to be omitted

has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party").

For the foregoing reasons, the Undersigned **respectfully recommends** the District Court **deny** General Star's motion to deem matters admitted or, in the alternative, to strike.

## IV. Conclusion

One Sotheby's' challenged responses all contain sufficient information to meet the requirements of Rule 8. Therefore, the Undersigned **respectfully recommends** the District Court **deny** General Star's motion to deem matters admitted or, in the alternative, to strike.

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Federico A. Moreno. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on December 20, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record